IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE JANE VALLE and DON PEROLINO CRISTOBAL, individuals, on behalf of themselves and all persons similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>LOWE'S HIW, INC., a Washington corporation,<br><br>    Defendant. | Case No. 11-1489 SC<br><br>ORDER DENYING PLAINTIFFS'<br><u>EX PARTE APPLICATION</u> |

    This is a putative class action in which Plaintiffs Catherine Jane Valle ("Valle") and Don Perolino Cristobal ("Cristobal") (collectively, "Plaintiffs") allege that Defendant Lowe's HIW, Inc. ("Defendant"), failed to pay them proper overtime compensation and provide them with accurate itemized wage statements.  ECF No. 1 ("Compl.").  On May 17, 2011, Defendant filed an amended motion to strike Plaintiffs' complaint and compel arbitration.  ECF No. 15 ("Mot.").  In support of its Motion, Defendant submits what it alleged to be arbitration agreements signed by both Plaintiffs. Seelye Decl. Exs. A & B ("Arb. Ags.").[1]  Plaintiffs' opposition to Defendant's Motion is due July 1, 2011.

---

[1] Blake Seelye ("Seelye") filed a declaration in support of Defendant's Motion in which he alleges to be the human resources manager of the Lowe's store where Plaintiffs worked.  ECF No. 16.

On June 21, 2011, Plaintiffs filed an ex parte motion to continue the deadline to respond to Defendant's motion for sixty days. ECF No. 17 ("Pls.' App."). Plaintiffs state that they plan to argue that the arbitration agreements are unconscionable, and they contend that a continuance is necessary so they can conduct discovery as to procedural unconscionability. Id. at 2.

Defendant opposes Plaintiffs' Application. ECF No. 18 ("Opp'n"). Defendant argues that the Application is untimely and unsupported by good cause. Id. at 2. Defendant claims that among other material, Plaintiffs allegedly seek discovery of "[a]ll arbitration agreements presented to members of the putative Class" and "[t]he contact information for the putative Class members, who are all witnesses to the presentation and negotiability, negotiation, fear or retaliation, and execution of the arbitration agreements." Id.

The Court DENIES Plaintiffs' Application. First, at this stage in the proceedings, Plaintiffs are not representatives of a class, and so any request for classwide discovery is premature. Second, Plaintiffs delayed in filing their Application, waiting until ten days before their opposition is due to seek a continuance. Third, in order to establish unconscionability, Plaintiffs must demonstrate that the arbitration agreements they signed are both procedurally and substantively unconscionable. Plaintiffs do not suggest the discovery is necessary to determine substantive unconscionability, as it can ordinarily be determined from the face of the agreement. Thus, if Plaintiffs cannot make some showing of substantive unconscionability, then discovery into procedural unconscionability would be futile. Finally, as

2

1  Defendant notes in its Opposition, Plaintiffs can support a
2  procedural unconscionability argument with declarations of Valle
3  and Cristobal in which they attest to the circumstances surrounding
4  the drafting, negotiation, and presentation of the arbitration
5  agreements.  The Court will consider permitting limited discovery
6  into the making of the two arbitration agreements if Plaintiffs
7  establish in their opposition that such discovery is necessary.
8       For the above reasons, Plaintiffs' Application is DENIED.

10 IT IS SO ORDERED.

12      Dated: June 24, 2011                
13                                   UNITED STATES DISTRICT JUDGE

3