IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE JANE VALLE and DON PEROLINO CRISTOBAL, individuals, on behalf of themselves and all persons similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>LOWE'S HIW, INC., a Washington corporation,<br><br>    Defendant. | Case No. 11-1489 SC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL <u>ARBITRATION</u> |

## I. INTRODUCTION

This is a putative class action in which Plaintiffs Catherine Jane Valle ("Valle") and Don Perolino Cristobal ("Cristobal") (collectively, "Plaintiffs") allege that Defendant Lowe's HIW, Inc. ("Defendant") failed to pay them proper overtime compensation and provide them with accurate itemized wage statements.  ECF No. 1 ("Compl.").  On May 17, 2011, Defendant filed an amended motion to compel arbitration and to strike portions of Plaintiffs' Complaint. ECF No. 15 ("Def.'s Mot.").  After the Court denied Plaintiffs' ex parte motion to continue the deadline to respond to Defendant's Motion, ECF No. 20, Plaintiffs filed their Opposition and Defendant filed its Reply, ECF Nos. 23 ("Pls.' Opp'n"), 25 ("Def.'s Reply"). Plaintiffs also filed a motion to file a first amended complaint,

1  which is now fully briefed.  ECF Nos. 22 ("Pls.' Mot."), 27
2  ("Def.'s Opp'n"), 29 ("Pls.' Reply").  For the following reasons,
3  the Court GRANTS Defendant's motion to compel arbitration, STAYS
4  this action pending arbitration, and DENIES Defendant's motion to
5  strike and Plaintiffs' motion for leave to file an amended
6  complaint.

**II.  BACKGROUND**

The following facts are taken from Plaintiffs' Complaint. Defendant is a corporation organized under the laws of the state of Washington with its principal place of business in North Carolina. Compl. ¶ 1.  It operates a chain of more than seventeen hundred home improvement retail stores throughout the United States and Canada.  Id. ¶ 2.  In managing its stores, it hires individuals as "zone managers."  Id. ¶ 7.  Zone managers are tasked with opening and closing the store, assisting cashiers, and providing customer service.  Id.  Defendant treats the position of zone manager as an exempt and salaried position.  Id. ¶ 6.

Plaintiffs are California residents.  Id. ¶¶ 4, 5.  Valle was employed by Defendant as a zone manager from August 2007 to January 2011; Cristobal is currently employed as a zone manager, and has been so employed since December 2007.  Id.  Plaintiffs allege that in addition to the above responsibilities, zone managers are required to engage in so-called "impact hours" during which they would work alongside and perform similar work as non-exempt employees.  Id. ¶ 8.  Plaintiffs allege that zone managers do not have the authority to train, hire, fire, or discipline hourly employees.  Id. ¶ 8.  Plaintiffs allege that Defendant set the work

2

schedule for zone managers, with each zone manager working ten to twelve hours each workday and ten to twenty hours of overtime each workweek. Id. ¶¶ 11-12. Plaintiffs allege that as a consequence, Defendant misclassified them as exempt employees and improperly denied them payment for their overtime work. Id. ¶ 9.

Defendant alleges that both Plaintiffs signed arbitration agreements when they were hired, and it attaches copies of what it claims are the Agreements. Seelye Decl. Exs. A & B ("Agreements").[1] Both Agreements are nearly identical two-page form documents. They state:

> [A]ny controversy between you and Lowe's . . . arising out of your employment or the termination of your employment shall be settled by binding arbitration (at the insistence of either you or Lowe's HIW, Inc.) in accordance with the arbitration procedures of the American Arbitration Association, under its National Rules for the Resolution of Employment Disputes. Should the AAA decline to administer the arbitration for any reason, the parties will select an arbitrator using the procedures employed by the AAA, who will employ the rules and procedures set up in the AAA National Rules for the Resolution of Employment Disputes.

Agreements at 1.

The Agreements note that they are "intended to be broad" and to cover, "to the extent otherwise permitted by law," disputes under

> Title VII of the Civil Rights Act of 1964, as amended; the Civil Rights Act of 1866, the Equal Pay Act; the Fair Labor Standards Act; the Pregnancy Discrimination Act; the Age Discrimination in Employment Act; the Family and Medical Leave Act; the Americans with

---

[1] Blake Seelye ("Seelye") filed a declaration in support of Defendant's Motion; Seelye declares that he is the human resources manager of the Lowe's store in which Plaintiffs worked. ECF No. 16.

3

1            Disabilities Act; and any similar federal,
2            state and local laws.

3 Id. at 2. The Agreements state that they do not cover Workers'
4 Compensation or ERISA disputes. Id. at 2.

5     The Agreements require the initiator of arbitration to pay a
6 filing fee equivalent to the fee that would be paid to file a
7 complaint in federal court, with this fee waivable by the
8 arbitrator if financial hardship is proven. Id. They provide that
9 if the signee does not prevail in the arbitration, "you will bear
10 the full amount of any attorney fees and expenses that you incurred
11 in regard to this arbitration." Id. While the Agreements provide
12 that Defendant shall be responsible for arbitration fees beyond the
13 filing fee, the employee may be responsible for payment of
14 Defendants' reasonable fees or expenses if the arbitrator finds the
15 employee's initiation of arbitration was "unreasonable under the
16 circumstances" or "in bad faith." Id. at 2.

17     Plaintiffs bring four causes of action. First, they bring a
18 claim for unlawful, unfair, and/or deceptive business practices
19 pursuant to section 17200 of California Business and Professions
20 Code ("UCL"), alleging that Defendant had a uniform policy of
21 misclassifying its zone manager employees as exempt. Id. ¶ 31.
22 Second, they allege Defendant failed to pay overtime compensation
23 under sections 510, 1194, and 1198 of the California Labor Code.
24 Id. ¶ 70. Third, they allege Defendant failed to provide accurate
25 itemized wage statements in violation of section 226 of the
26 California Labor Code. Id. ¶ 86. Fourth, they allege Defendant
27 failed to pay overtime compensation under the Fair Labor Standards
28 Act ("FLSA"), 29 U.S.C. § 201. Id. ¶ 90. Plaintiffs seek leave to

4

amend their Complaint to add a fifth claim under California's Private Attorney General Act, Cal. Lab. Code § 2698 ("PAGA").  See Pls.' Mot.  They allege that they have complied with the procedural prerequisites to bringing a PAGA claim, and they have filed a draft of their proposed amended complaint.  Mukherjee Decl. Ex. 1 ("Prop. FAC").[2]

In bringing their first claim, Plaintiffs seek to represent a class of all individuals who are or previously were employed by Defendant as a zone manager in California during the period beginning four years before the filing of this action.  Id. ¶ 28. In bringing their second and third causes of action, Plaintiffs seek to represent a subclass of all members of the above class who performed work in excess of eight hours per day or forty hours in a week and did not receive overtime compensation.  Id.  In bringing their fourth cause of action, they seek to represent a subclass of all class members who, during the period beginning three years prior to the filing of the Complaint, performed work in excess of forty hours per workweek.  Id. ¶ 92.  They seek to bring their PAGA action on behalf of themselves and "all individuals who are or previously were employed by DEFENDANT as 'Zone Managers' in California during the applicable statutory period as determined by the Court."  Prop. FAC ¶ 110.

Defendant moves to compel arbitration under the Agreements and to strike portions of Plaintiffs' Complaint.  See Def.'s Mot. at 1. Defendant alleges that because both Plaintiffs signed arbitration agreements, the Federal Arbitration Act ("FAA") requires the Court

---

[2] Piya Mukherjee ("Mukherjee"), counsel for Plaintiffs, filed a declaration in support of Plaintiffs' Motion.  ECF No. 22-1.

to dismiss their action and compel arbitration. Id.  Defendant argues that under the U.S. Supreme Court's recent decision in Stolt-Neilsen N.A. v. AnimalFeeds International Corp., 130 S. Ct. 1758 (2010), all references to class action in the Complaint should be stricken, and that Plaintiffs should be forbidden from seeking arbitration of their claims on behalf of a class.  Id.  Defendant argues that Plaintiffs' Motion to amend their Complaint should be denied as futile, alleging that Plaintiffs effectively waived the right to bring PAGA actions when they signed the arbitration agreement.  See Def.'s Opp'n.

### III. LEGAL STANDARD

The FAA requires a district court to stay judicial proceedings and compel arbitration of claims covered by a written and enforceable arbitration agreement.  9 U.S.C. § 3.  In determining whether to compel arbitration under the FAA, the court must determine whether: (1) there is an agreement between the parties to arbitrate; (2) the claims at issue fall within the scope of the agreement; and (3) the agreement is valid and enforceable. Lifescan, Inc. v. Pernaier Diabetic Servs., Inc., 363 F.3d 1010, 1012 (9th Cir. 2004).  While generally applicable defenses to contract such as fraud, duress, or unconscionability invalidate arbitration agreements, the FAA preempts state-law defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue.  AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740, 1745-47 (2011).  Because of the strong policy favoring arbitration, doubts are to be resolved in favor of the party moving to compel arbitration.  Moses H. Cone

Mem. Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24 (1983).

## IV. DISCUSSION

Defendant alleges that Plaintiffs signed Agreements to arbitrate, that the claims at issue fall within the scope of these Agreements, and that the Agreements are enforceable. See Def.'s Mot. at 1. While Plaintiffs do not challenge the existence of the Agreements or dispute that the claims at issue are within the scope of the Agreements, they allege that the Agreements are invalid or unenforceable.

Defendant also asks the Court to strike portions of Plaintiffs' Complaint referencing class-wide arbitration. Def.'s Mot. at 1. Defendant argues that under the Supreme Court's recent opinion in Stolt-Neilsen, the arbitration provisions should be read to require bilateral arbitration and bar all collective, class, or representative actions. Def.'s Mot. at 1. In Stolt-Neilsen, pursuant to an arbitration agreement between the parties that was silent on the issue of class arbitration, the plaintiff and the defendant agreed to arbitrate their dispute, but disagreed as to whether the plaintiff could arbitrate on behalf of a class. 130 S. Ct. at 1765-66. The arbitration panel concluded that the plaintiff could pursue class arbitration. Id. The Court vacated the arbitration panel's ruling, finding that the arbitration panel had failed to look to federal maritime or state law to determine whether class arbitration was appropriate and had instead based its decision on public policy considerations. Id. at 1768-69. The Court concluded that "a party may not be compelled under the FAA to

submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so." Id. at 1775.

Defendant argues that under Stolt-Nielsen, because the Agreements are silent on class arbitration, Plaintiffs should be barred from any collective, class, or representational arbitration. Def.'s Mot. at 1. Defendant argues that as a consequence, Plaintiffs effectively waived their PAGA claim when they signed the Agreements, and so Plaintiffs' motion for leave to amend should be denied as futile. Id. Plaintiffs vigorously dispute Defendant's interpretation. Pls.' Mot. at 1.

Because a court must stay an action pending arbitration if it determines that the parties have agreed to arbitrate an issue and the issue is arbitrable, 9 U.S.C. § 3, the Court first addresses Defendant's Motion to Compel Arbitration. Plaintiffs make four arguments that the arbitration provisions in the Agreements are invalid or unenforceable. First, they argue that the arbitration provisions violate section 7 of the National Labor Relations Act ("NLRA") by denying employees the right to bring collective, class, or representative actions. Pls.' Opp'n at 1. Second, they argue that Defendant's interpretation of the arbitration provisions "unlawfully prohibits Plaintiffs from bringing claims for violations of the Private Attorney General Act." Id. Third, they argue that the arbitration provisions are unenforceable under Gentry v. Superior Court, 42 Cal. 4th 443 (2007). Fourth, they argue that the arbitration provisions are unconscionable.

1.  NLRA

Defendant argues that the Agreements bar Plaintiffs from pursuing arbitration on a collective, class, or representative

8

basis. Def.'s Mot. at 1. Plaintiffs dispute this contention; however, they also argue that it renders the Agreements unenforceable because if adopted, it would bar collective, class, or representational actions by employees against their employer, in violation section 7 of the NLRA. Pls.' Opp'n at 8.

Section 7 provides:

> Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and shall also have the right to refrain from any or all of such activities except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment as authorized in section 158(a)(3) of this title.

29 U.S.C. § 157.

Plaintiffs essentially argue that if the arbitrator adopts Defendant's proposed interpretation of the Agreements and bars all collective, class, and representative arbitrations, section 7 would be violated. As such, they ask the Court to preemptively invalidate an arbitration agreement due to the possibility of a future ruling by an arbitrator. This is nonsensical. Plaintiffs' section 7 argument may possibly provide grounds to vacate or modify an arbitration award, but Plaintiffs cite no law for their proposition that it preemptively renders the arbitration agreement unenforceable. As such, the Court rejects this argument.

2. PAGA

Plaintiffs argue that the Agreements should not be interpreted to bar arbitration of all class, representative, and collective actions because that would bar Plaintiffs from asserting

9

representative PAGA claims. Pls.' Opp'n at 10.

PAGA provides that certain civil penalties that can be assessed and collected by California's Labor and Workforce Development Agency can be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees if certain procedural requirements are met. Cal. Lab. Code § 2699(a). It is "fundamentally a law enforcement action designed to protect the public and not to benefit private parties," wherein the aggrieved employee's action "functions as a substitute for an action brought by the government itself." Arias v. Super. Ct., 46 Cal. 4th 969, 986-87 (2009).

California's legislature enacted PAGA in part because "[s]taffing levels for state labor law enforcement agencies have, in general, declined over the last decade and are likely to fail to keep up with the growth of the labor market in the future." Cal. Lab. Code § 2698(c). Because in some cases "the only meaningful deterrent to unlawful conduct is the vigorous assessment and collection of civil penalties," PAGA serves the public interest by insuring that violating employers will not benefit from decreased labor law enforcement staffing levels. Id. § 2698(d).

If the aggrieved plaintiff is successful in its PAGA action, any judgment against the employer for civil penalties is split between the state of California and the aggrieved employees, with the state receiving seventy-five percent and the employees receiving twenty-five percent. Cal. Lab. Code § 2699(i). A prevailing employee is also entitled to an award of reasonable attorney's fees and costs. Id. § 2699(g)(1).

To the extent that Plaintiffs argue that no PAGA claim is

10

arbitrable, the Court rejects this argument as unsupported by the law. Plaintiffs' PAGA claim is a state-law claim, and states may not exempt claims from the FAA. Doctor's Assocs., Inc. v. Casarotto, 517 U.S. 681, 687 (1996). To the extent Plaintiffs argue that the Agreements are unenforceable due to the mere possibility that an arbitrator may interpret the agreement to bar Plaintiffs from representing others in bringing a PAGA claim, the Court also rejects this argument. Even if an arbitrator found that Stolt-Nielsen prohibited Plaintiffs from representing other zone managers in bringing their PAGA claim, this would not bar Plaintiffs from bringing its PAGA action on behalf of themselves and the state of California.

### 3. Gentry

Plaintiffs argue that to the Agreements are unenforceable under Gentry, which holds that a class action waiver is unenforceable if (1) individual awards tend to be modest; (2) suing poses a risk of retaliation; (3) claimants do may not bring individual claims because they are unaware that their legal rights have been violated; and (4) even if some individual claims are sizable enough to provide an incentive for individual action, it may be cost effective for a defendant to pay those judgments and continue the allegedly violative conduct. 42 Cal. 4th at 459-62.

Defendant argues that Gentry was effectively overruled by Concepcion, 131 S. Ct. 1740. Concepcion explicitly overruled the California's Supreme Court's holding in Discover Bank v. Superior Court, 36 Cal. 4th 148 (2005). Discover Bank provided that in consumer disputes, arbitration clauses in non-negotiable contracts of adhesion are unenforceable when the damages at issue are small

and when the plaintiff alleges a scheme to cheat consumers of small sums of money. Concepcion held that while arbitration agreements may be invalidated by generally applicable contract defenses such as fraud, duress, or unconscionability, state-law defenses like the one provided by Discover Bank that apply only to arbitration or derive their meaning from the fact that an agreement to arbitrate is at issue are preempted. 131 S. Ct. at 1745-47.

Like Discover Bank, Gentry provides a rule of enforceability that applies only to arbitration provisions. Both opinions rely on the same California precedent and logic. Because of these similarities, many courts have found that Concepcion overrules or abrogates Gentry. E.g., Murphy v. DIRECTV, No. 07-6465, 2011 WL 3319574, at *4 (C.D. Cal. Aug. 2, 2011) (holding that Concepcion overruled Gentry); Morse v. ServiceMaster Global Holdings, Inc., No. 10-0628, 2011 WL 3203919, at *3 n.1 (N.D. Cal. July 27, 2011) (noting that even if Concepcion did not explicitly overrule Gentry, it rejected the reasoning and precedent behind it). As such, the Court concludes that in light of Concepcion, Gentry is no longer good law, and rejects Plaintiffs' argument.

### 4. Unconscionability

To be unenforceable, a contract must be both procedurally and substantively unconscionable. Armendariz v. Found. Health Psychcare Servs., Inc., 24 Cal. 4th 83, 114 (2000). Procedural unconscionability concerns the manner in which the agreement was negotiated, and it is present if the contract was the product of oppression or surprise. Stirlen v. Supercuts, Inc., 51 Cal. App. 4th 1519, 1532 (Ct. App. 1997). A contract is oppressive if there is an inequality of bargaining power which denies the weaker party

12

an opportunity to negotiate the terms of the contract.  Id.
Substantive unconscionability concerns terms of the agreement;
specifically, "the imposition of harsh or oppressive terms on one
who has assented freely to them."  Id. at 1532-33.  A term is
considered substantively unconscionable if it is "so one-sided as
to 'shock the conscience.'"  Id. (quoting Cal. Grocers Ass'n v.
Bank of America, 22 Cal. App. 4th 205, 214 (Ct. App. 1994)).  While
the party challenging the enforceability must prove both procedural
and substantive unconscionability, California uses a "sliding
scale" wherein "the more procedural unconscionability is present,
the less substantive unconscionability is required."  Olvera v. El
Pollo Loco, Inc., 173 Cal. App. 4th 447, 454 (Ct. App. 2010).

   Plaintiffs filed an ex parte motion seeking a lengthy
continuance of Defendant's motion to compel arbitration, arguing
that discovery into the negotiation of the Agreements was necessary
in order for Plaintiffs to prove procedural unconscionability.  ECF
No. 17.  The Court denied Plaintiffs' motion.  ECF No. 20.  It
stated that because Plaintiffs must prove both procedural and
substantive unconscionability and because substantive
unconscionability can be determined from the face of the
Agreements, Plaintiffs' ex parte motion would be rendered moot if
Plaintiffs failed to establish that the Agreements were
substantively unconscionable.  Id.

   Plaintiffs make four arguments in favor of substantive
unconscionability.  First, they argue that the Agreements
"provide[] for a punitive provision which requires the employee to
pay attorneys' fees and arbitration expenses to Defendant on
grounds that are not consistent with California and Federal law."

13

Pls.' Opp'n at 21. The Agreements provide:

> [I]f you fail to prevail in the arbitration, you will bear the full amount of any attorney fees and expenses that you incurred in regard to this arbitration. In addition, the arbitrator will have the authority to award some or all of the fees and expenses Lowe's paid if the arbitrator finds that your pursuit of arbitration was unreasonable under the circumstances or in bad faith.

Agreements at 2. Plaintiffs allege that this is inconsistent with state law because section 1194 of California Labor Code provides a one-way fee-shifting arrangement. Pls.' Opp'n at 21. The Court finds this argument to be unavailing; it is hardly unconscionable to sanction parties for bringing arbitration actions that are in bad faith or unreasonable under the circumstances. Indeed, state and federal courts have similar power to engage in "fee shifting" to punish such bad-faith conduct. E.g., 28 U.S.C. § 1927; Cal. Civ. Proc. Code § 128.5(a) ("Every trial court may order a party, the party's attorney, or both to pay any reasonable expenses, including attorney's fees, incurred by another party as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay.")

Second, Plaintiffs argue that discovery limitations also make the agreements unconscionable. Id. at 22. The Agreements are silent on discovery, but incorporate the AAA's National Rules for the Resolution of Employment Disputes ("Rules"). See Agreements at 1. These Rules provide: "The arbitrator shall have the authority to order such discovery, by way of deposition, interrogatory, document production, or otherwise, as the arbitrator considers necessary to a full and fair exploration of the issues in dispute, consistent with the expedited nature of arbitration." Nordrehaug

14

Decl. Ex. 2 ("Rules") ¶ 7.[3]

Plaintiffs argue that this discovery rule "is one-sided in favor of Defendant because Defendant already has access to all witnesses, documents and information required to litigate the action, and settled law holds that such limitations unfairly prevent the vindication of important statutory rights." Id. at 22-23. The Court rejects this argument. The cases Plaintiffs cite concern arbitration agreements with specific limitations on discovery. E.g., Fitz v. NCR Corp., 118 Cal. App. 4th 702, 716-17 (Ct. App. 2004) (finding arbitration agreement expressly limiting discovery to two depositions to be substantively unconscionable). Plaintiffs cite no cases in support of their argument that the AAA's "necessary" standard for discovery is substantively unconscionable.

Third, Plaintiffs allege that "according to Defendant, the agreement waives Plaintiffs' substantive rights and remedies under the Labor Code to bring a PAGA claim to redress unlawful working conditions." Pls.' Opp'n at 23-24. Plaintiffs cite Davis v. O'Melveny & Myers, 485 F.3d 1066, 1082 (9th Cir. 2007), for the proposition that "an arbitration agreement may not function so as to require employees to waive potential recovery for substantive statutory rights in an arbitral forum, especially for statutory rights established 'for a public reason.'" The Agreements contain no explicit waivers of substantive statutory rights; rather, Plaintiffs argue that Defendant's interpretation of the Agreements -- if adopted by the arbitrator -- would have the effect of waiving

---

[3] Kyle Nordrehaug ("Nordrehaug"), counsel for Plaintiffs, filed a declaration in support of Plaintiffs' Opposition. ECF No 23-1.

15

Plaintiffs' PAGA claim. Again, Plaintiffs put the cart before the horse. The cases Plaintiffs cite involve arbitration agreements with specific provisions in which statutory rights are waived. See id. The mere fact that Defendant advances a specific interpretive argument does not render the Agreements to be facially substantively unconscionable.

Fourth, Plaintiffs argue that "the Agreement effectively imposes one-sided confidentiality." Pls.' Opp'n at 24. The Agreements are silent on the issue of confidentiality; Plaintiffs allege that "arbitration rules expressly incorporated into the provision impose confidentiality which unfairly favors Defendant." Id. at 24-25. The relevant rule provides: "The arbitrator shall maintain the confidentiality of the arbitration and shall have the authority to make appropriate rulings to safeguard that confidentiality, unless the parties agree otherwise or the law provides to the contrary." Rules ¶ 18. Again, Plaintiffs' argument is without merit. Plaintiffs may argue during arbitration that maintaining the confidentiality of the arbitration proceedings is unfair or contrary to the law, and the arbitrator may agree. The mere possibility that the arbitration is kept confidential does not render the Agreements substantively unconscionable.

In summary, Plaintiffs essentially ask the Court to find that the AAA's National Rules for the Resolution of Employment Disputes are substantively unconscionable. The Court rejects Plaintiffs' argument, and finds that the Agreements contain no elements of substantive unconscionability. Because there is no evidence of substantive unconscionability, the Court need not address the issue of procedural unconscionability.

16

For the above reasons, the Court concludes that Plaintiffs have failed to establish that the arbitration provisions in the Agreements are unenforceable, and it GRANTS Defendant's Motion to Compel Arbitration. Pursuant to the FAA, the Court STAYS this action pending completion of the arbitration proceedings. Because Plaintiffs' motion for leave to file an amended complaint and Defendant's motion to strike both concern issues the parties have agreed to arbitrate, it DENIES both motions without ruling on the merits of either motion. If they wish, the parties may seek resolution of these issues before the arbitrator.

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant Lowe's HIW, Inc.'s Motion to Compel Arbitration, and STAYS this action pending resolution of arbitration proceedings. In light of this stay and without reaching the merits of either motion, the Court DENIES Defendant's Motion to Strike and DENIES the Motion for Leave to File a First Amended Complaint brought by Plaintiffs Catherine Jane Valle and Don Perolino Cristobal.

IT IS SO ORDERED.

Dated: August 22, 2011

*[signature]*

UNITED STATES DISTRICT JUDGE

17