IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE JANE VALLE and DON PEROLINO CRISTOBAL, on behalf of themselves and all persons similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>LOWE'S HIW, INC., a Washington Corporation,<br><br>      Defendant. | Case No. 11-1489-SC<br><br>ORDER RE: MOTION TO VACATE <u>ARBITRATION AWARD</u> |

## I. INTRODUCTION

This is a putative class action in which Plaintiffs Catherine Jane Valle ("Valle") and Don Perolino Cristobal ("Cristobal") (collectively, "Plaintiffs") allege that Defendant Lowe's HIW, Inc. ("Defendant") failed to pay them proper overtime compensation and provide them with accurate itemized wage statements. ECF No. 1 ("Compl."). Plaintiffs now move to vacate an arbitrator's award on the grounds that the arbitrator exceeded his authority by enforcing a private agreement that waives their rights under the Private Attorney General Act ("PAGA") and by failing to follow controlling California authority. ECF No. 44 ("Mot."). The Motion is fully briefed. ECF Nos. 45 ("Opp'n"), 46 ("Reply"). Pursuant to Civil

1  Local Rule 7-1(b), the Court finds this matter appropriate for
2  determination without oral argument. For the reasons set forth
3  herein, the Court DENIES the motion.

## II.  BACKGROUND

Defendant operates a chain of more than seventeen hundred home improvement retail stores throughout the United States and Canada. Compl. ¶ 2. In managing its stores, it hires individuals as "zone managers." Id. ¶ 7. Zone managers are tasked with opening and closing the store, assisting cashiers, and providing customer service. Id. Defendant treats the position of zone manager as an exempt and salaried position. Id. ¶ 6.

Valle was employed by Defendant as a zone manager from August 2007 to January 2011; Cristobal is currently employed as a zone manager, and has been so employed since December 2007. Id. Plaintiffs allege that in addition to the above responsibilities, zone managers are required to engage in so-called "impact hours," during which they would work alongside and perform similar work as non-exempt employees. Id. ¶ 8. Plaintiffs allege that zone managers do not have the authority to train, hire, fire, or discipline hourly employees. Id. Plaintiffs allege that Defendant set the work schedule for zone managers, with each zone manager working ten to twelve hours each workday and ten to twenty hours of overtime each workweek. Id. ¶¶ 11-12. Plaintiffs allege that, as a consequence, Defendant misclassified them as exempt employees and improperly denied them payment for their overtime work. Id. ¶ 9.

Both Plaintiffs signed arbitration agreements when they were hired. ECF No. 39 ("Aug. 22 Order") at 3. These agreements state:

2

> [A]ny controversy between you and Lowe's . . . arising out of your employment or the termination of your employment shall be settled by binding arbitration (at the insistence of either you or Lowe's HIW, Inc.) in accordance with the arbitration procedures of the American Arbitration Association, under its National Rules for the Resolution of Employment Disputes. Should the AAA decline to administer the arbitration for any reason, the parties will select an arbitrator using the procedures employed by the AAA, who will employ the rules and procedures set up in the AAA National Rules for the Resolution of Employment Disputes.

Id. The Agreements note that they are "intended to be broad" and to cover, "to the extent otherwise permitted by law," disputes under:

> Title VII of the Civil Rights Act of 1964, as amended; the Civil Rights Act of 1866, the Equal Pay Act; the Fair Labor Standards Act; the Pregnancy Discrimination Act; the Age Discrimination in Employment Act; the Family and Medical Leave Act; the Americans with Disabilities Act; and any similar federal, state and local laws.

Id. at 3-4.

Plaintiffs bring causes of action for (1) unfair, unlawful, and deceptive business practices under section 17200 of the California Business and Professions Code, (2) failure to pay overtime in violation of sections 510, 1194, and 1198 of the California Labor Code, (3) failure to provide accurate wage statements in violation of section 226 of the California Labor Code, and (4) failure to pay overtime compensation under the Fair Labor Standards Act. Compl. ¶¶ 31, 70, 86, 90.

On May 17, 2011, Defendant moved to strike Plaintiffs' Complaint and to compel arbitration, and, on June 27, 2011, Plaintiffs moved to file a First Amended Complaint which would have added a claim under PAGA. ECF Nos. 15, 22  On August 22, 2011, the Court granted Defendant's motion to compel arbitration and

3

deferred to the arbitrator with respect to Plaintiffs' motion to amend the Complaint and Defendant's motion to strike. The arbitrator recently issued a Clause Construction Award (the "Arbitrator's Award") finding that the parties' arbitration agreements did not permit the arbitration of Plaintiffs' proposed class claims or representative PAGA claims. Mot. Ex. 1 ("Arb. Award"). Based on that determination, the Arbitrator granted Defendant's motion to dismiss the class-action claims and the representative PAGA claims. Id. at 28. However, the arbitrator allowed Plaintiffs to bring their PAGA action on an individual basis. Id.

### III. LEGAL STANDARD

The Court reviews the Arbitration Award pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16. Section 9 of the FAA provides that a court may enter judgment pursuant to an arbitration award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." Section 10 pertains to the grounds for vacation, while § 11 pertains to modification. Specifically, § 10(a)(4) provides that a district court may vacate an arbitration award where "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

The Court may vacate the Arbitrator's Award pursuant to § 10(a)(4) if the arbitrator demonstrated a "manifest disregard for law." See Johnson v. Wells Fargo Home Mortg., Inc., 635 F.3d 401, 407 (9th Cir. 2011). Manifest disregard for law means "something

4

beyond and different from a mere error in the law or failure on the part of the arbitrators to understand and apply the law." Collins v. D.R. Horton, Inc., 505 F.3d 874, 879 (9th Cir. 2007) (quotation omitted). Rather, "[i]t must be clear from the record that the arbitrator [] recognized the applicable law and then ignored it." Comedy Club, Inc. v. Improv West Assocs., 553 F.3d 1277, 1290 (9th Cir. 2009) (quotation omitted). "Moreover, to rise to the level of manifest disregard [t]he governing law alleged to have been ignored by the arbitrators must be well defined, explicit, and clearly applicable." Collins, 505 F.3d at 879-80 (quotation and emphasis omitted). As the Supreme Court has stated: "It is only when [an] arbitrator strays from interpretation and application of the agreement and effectively dispense[s] his own brand of industrial justice that his decision may be unenforceable." Stolt-Nielsen S.A. v. AnimalFeeds Int'l, 130 S. Ct. 1758, 1767 (2010) (quotations omitted).

**IV. DISCUSSION**

Plaintiffs argue that the arbitrator erred when he determined that they do not have an unwaivable right to pursue representative PAGA claims. Mot. at 4. Plaintiffs rely, in large part, on the California Court of Appeal's decisions in Franco v. Athens Disposal Co., Inc., 171 Cal. App. 4th 1277 (Cal. App. Ct. 2010) and Brown v. Ralphs Grocery Co., 197 Cal. App. 4th 489 (Cal. App. Ct. 2011). See Mot. 1-2, 5-10. In Franco, the court found that an employment arbitration agreement prohibiting an employee from acting as a private attorney general was invalid since it conflicted with PAGA. 171 Cal. App. 4th at 1303. After Franco was decided, the Supreme

1  Court issued its opinion in AT&T Mobility LLC v. Concepcion, 131 S.
2  Ct. 1740 (2011), holding that California decisional law
3  invalidating class action waivers in consumer arbitration
4  agreements is preempted by the FAA.  The Brown court found that
5  Concepcion does not apply to representative actions under PAGA and,
6  thus, reaffirmed the decision in Franco.  197 Cal. App. 4th at 494.
7  Plaintiffs contend that the arbitrator's decision to dismiss their
8  representative PAGA claims was inconsistent with this authority.
9      The major flaw in this argument is that the governing law in
10 this area is neither well defined nor explicit.  See Collins, 505
11 F.3d at 879-80.  Since Concepcion was decided, a number of courts
12 have questioned the continued validity of Franco.  See, e.g.,
13 Quevedo v. Macy's, Inc., 798 F. Supp. 2d 1122, 1142 (C.D. Cal.
14 2011).  A number of courts have also found that the reasoning of
15 Brown is inconsistent with Concepcion.  See, e.g., Iskanian v. CLS
16 Transp. Los Angeles, LLC, 206 Cal. App. 4th 949, 964 (Cal. Ct. App.
17 2012).  The arbitrator in this action recognized and examined this
18 split in authority.  See Arb. Award at 27-28.  The Court cannot
19 conclude that the arbitrator manifestly disregarded the law merely
20 because he chose to follow a line of cases which took a different
21 view of the enforceability of PAGA than Franco and Brown.
22     Plaintiff argues that this contrary authority is inapposite.
23 Specifically, Plaintiffs point out that Iskanian involved an
24 express waiver of PAGA rights, whereas the arbitration agreement at
25 issue here contains no such express waiver.  See Reply at 2, 4.
26 Plaintiffs also contend that Stolt-Nielsen prohibits an arbitrator
27 from inserting language into an agreement or inferring a term which
28 would fundamentally change the nature of the parties' agreement.

Id. at 3. Plaintiffs contend that the arbitration agreements at issue here allowed for arbitration of disputes under "state statutes" and, therefore, the arbitrator should have allowed Plaintiffs' representative PAGA claims to proceed. Id. The Arbitration Award speaks to this point. The arbitrator reasoned that, "in accordance with Concepcion and Stolt-Nielsen, the arbitration of a representative action on behalf of others requires consent between the parties." Arb. Award at 26. He then found that such consent was absent here in light of the bilateral language of the arbitration agreements at issue. Id. The Court finds that this analysis, which considers and is arguably consistent with the prevailing case law, does not constitute a manifest disregard of the law.

## V. CONCLUSION

For the reasons set forth herein, the Court DENIES Plaintiffs Jane Valle and Don Perolino Cristobal's motion to vacate the arbitration award.

IT IS SO ORDERED.

Dated: August 30, 2012

UNITED STATES DISTRICT JUDGE